## SEABORN VS. SUTHERLAND.

If a purchaser wishes to rescind a contract of sale, he must put the vendor, or offer to put him in the same situation he was in before the delivery of the property. And so, a plea, that the note sued on was for the purchase money of real estate to which the vendor had no title, must show a return of the property, or an offer to return it.

A plea of fraud, generally, without stating the facts constituting the fraud, is bad.

And so is a plea charging fraud in the representations of the plaintiff in relation to the title to land, but failing to aver that the writing sued on was executed in consideration of such title, or that the plaintiff, in fact, had no title whatever.

On an issue to the plea of "no consideration," the plaintiff read in evidence his deed to the defendant for a tract of land, as the consideration of the note sued on; the defendant offered to read a deed from the Auditor for the same land, as having been forfeited to the State for non-payment of taxes, which was ruled out by the court: HELD, That the defendant was not prejudiced by the action of the court, as the Auditor's deed would not have shown a total want of consideration, the defendant having gone into possession under his purchase, and still retaining it.

## Appeal from St. Francis Circuit Court.

Action of debt upon a writing obligatory in the Circuit Court of St. Francis county, before Hon. CHARLES W. ADAMS, Circuit Judge.

The defendant filed four pleas:

1. "That heretofore, to wit: on or about the 12th day of March, 1853, at the county aforesaid, the said plaintiff represented to the said defendant that he was the owner in fee of the north-east quarter of section No. 28, in township No. 6 north, and of range No. 2 east, of the 5th principal meridian, situate in said county, and containing one hundred and sixty acres of land, and as such, had full right and authority in law, to grant, bargain and sell the same, assuring the said defendant then and there, that he, the said plaintiff, had derived title to said tract of land through

and under a sale for the non-payment of taxes, and that he would take and receive from the said defendant, the sum of five hundred dollars, the first half to be due and payable 1st January, 1854, which is the writing sued on in this behalf, and the other to be due and payable the 1st January, 1855, and the said defendant avers that, relying on the assurances and representations of the said plaintiff in this behalf, agreed to close the contract for the purchase of said tract of land, on the terms aforesaid, and accordingly on said day, at the county aforesaid, did make, execute and deliver unto the said plaintiff, the writing sued on this behalf, and on the same day agreed to receive from the said plaintiff and his wife, a deed for the said tract of land, containing only a special warrantee of the title of said land as to the said plaintiff, his wife and persons claiming the said land by, through, or under them, or by either of them, and from all encumbrances done or suffered by them, or either of them; and the said defendant further avers, that had it not been for the said assurances on the part of the said plaintiff as to the regularity of his tax title to the land aforesaid, and the repeated and oft asserted declarations that he had title thereto, that the said defendant would never have consented to have taken or received from him a special warrantee deed as aforesaid, for said tract of land, but would have required a deed with full covenants as to seizure and title, or would have declined to have made the said purchase thereof from him. And the said defendant further avers, that a short time after the date of the said deed and the execution of the writing aforesaid, he was informed that the said tract of land had been forfeited to the State of Arkansas for the non-payment of taxes, some time anterior to his purchase thereof from the said plaintiffs, and that the same was, at that time, subject to donation by the Auditor, under the acts in such case made and provided, and thereupon, to save himself and his possession, the said defendant applied to the said Auditor, and obtained from him a donation deed for said tract of land; so that the said defendant, in fact, saith that the said plaintiff had not any right or title to

said tract of land at the time when the sale thereof was made to the said defendant by the said plaintiff, and when the representations aforesaid, respecting the same were so made, and that therefore, the said writing sued on in this behalf, is without any consideration, either good or valuable in law, and was obtained from the said defendant by the said plaintiff by his fraud aforesaid.

2. That the said writing sued on in this behalf was obtained from him by the fraud of the said plaintiff, and without any consideration moving from the said plaintiff to the said defendant therefor.

3. That the said writing in the said declaration mentioned was obtained from the said defendant by the said plaintiff (and others in collusion with him) by fraud, device and misrepresentation, that is to say, by the said plaintiff (and others in collusion with him,) falsely and fraudulently representing to the said defendant that the said plaintiff was the owner in fee of the north-east quarter of section 28, township 6 north, range 2 east, of the 5th principal meridian, containing one hundred and sixty acres of land, and being situate in said county, and that said writing was executed in confidence in the representations, without any recourse to the records or examination into the title of the said plaintiff to said land, *to wit:* at the county aforesaid; wherefore the said defendant saith that the said writing in the declaration mentioned, was, and is void in law.

4. That the said writing obligatory in the said plaintiff's declaration set forth, was executed and made by him without any consideration whatever, *to wit*, at the time when, &c., at the county aforesaid."

Demurrer sustained to the 1st, 2d and 3d pleas—issue to the fourth—verdict and judgment for the plaintiff, and the defendant appealed.

This cause was argued in this court before Mr. Justice SCOTT,

and Hon. THOMAS JOHNSON, Special Judge; Hon. E. H. ENGLISH, Chief Justice, and Hon. T. B. HANLY, Judge, not sitting.

WILLIAMS & WILLIAMS, for appellant.

BYERS and JORDAN, for appellee.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

The court below decided correctly in sustaining the demurrer to the first three pleas interposed by the defendant. The first was manifestly designed as a plea of fraud, and in case it did not present all the essential elements of such a defence, it was necessarily subject to a demurrer. Fraud was the very gist of the plea. If a purchaser wishes to rescind a contract of sale, he must put the vendor, or offer to put him in the same situation he was in before the delivery of the property. He will not be allowed to retain the property and protect himself against the payment of the purchase money. If he retain the property he cannot treat the contract as void for want of consideration upon the ground of fraud. The defence set up by this plea fails to allege that the defendant below returned, or offered to return the property. It would be unjust to permit the vendee to retain possession and enjoy the benefit of the property, and put his vendor at defiance. This plea, therefore, being one of want of title in the vendor, is no bar to the action; and, consequently, the demurrer to it was properly sustained. See *Hynson et al. vs. Dunn*, 5 *Ark. Rep.* 397; 4 *Ark. Rep.* 470, *Sumner vs. Gray;* and also, 2 *Saunders Pl. 1st part, page* 61.

The second plea is one of fraud generally. This is unquestionably bad. The party whose conduct is sought to be impeached, has an unquestionable right to be apprized of the facts which constitute the fraud, otherwise he might be taken by surprise on the trial. See same case of *Hynson et al. vs. Dunn*, 5 *Ark. Rep.* 397. The third is a plea of fraud, and is defective for the rea-

sons given against the first, as well as others which do not apply to that. The third charges fraud in the representations made by the plaintiff in relation to the title to the land therein described, but wholly fails to charge that the writing in suit was executed in consideration of said title, or that the plaintiff in fact had no title whatever. The fourth is a plea of no consideration, generally, to which the plaintiff entered his replication, and upon which issue was taken. The parties then went to trial, and after the plaintiff had introduced the instrument sued upon, and the deed executed by himself and wife to the defendant, the defendant proposed to show that there was no title in the plaintiff at the time of the execution of said deed, and in order to do so, offered to read a deed from the Auditor of the State to himself for the same land, which was objected to by the plaintiff, and excluded by the court. To this ruling the defendant excepted, and the point now presented is, whether such ruling was correct or not. There can be no doubt of the relevancy of the Auditor's deed, as it conduced to prove a failure of title; and, consequently, that no consideration had passed between the parties, yet the defendant could not have been prejudiced by the action of the court in ruling it out, as, if admitted, it would not have shown a total want of consideration, as it was already in proof that the defendant had gone into possession under his purchase, and that he still retained the same down to the time of the trial. See *Wheat vs. Dodson*, 7 *Eng. Rep.* 711. Finding no error, the judgment of the court below is, consequently, affirmed.